Reversed and Remanded and Memorandum Opinion filed October 19, 2006












Reversed
and Remanded and Memorandum Opinion filed October 19, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00614-CV

____________

 

WAYNE BUFORD, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; ANNA RODRIGUEZ ARTHUR
VELASQUEZ; ERNEST JOHNSON, JR. HERMAN
WESTON , JR. JAMES MOSSBARGER; JULIO RODRIGUEZ, RORY KNOTT, Appellees

 





 

On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause
No. 31323

 





 

MEMORANDUM   O P I N I O N

This is an appeal from a judgment
signed June 2, 2006.  The judgment granted the motion to dismiss, based on
Chapter 14 of the Texas Civil Practice and Remedies Code, filed by appellees, Anna Rodriguez, Arthur Velasquez, Ernest Johnston,
Herman Weston, Jr., James Mossbarger, Julio
Rodriguez, Rory Knott, and the Texas Department of Criminal Justice. 

 

On August 2, 2006, appellees filed a motion to dismiss the appeal on the
ground that the motion to dismiss was granted in error.  Appellees state that they filed their motion to dismiss
mistakenly believing that appellant had sought indigent status.  Because
appellant had not sought indigent status, appellees
claim that the granting of the motion to dismiss was error.

Chapter 14 of the Texas Civil
Practice and Remedies Code applies to suits filed by inmates in a district,
county, justice of the peace, or small claims court in which an affidavit of
indigence or unsworn declaration of inability to pay
costs is filed by the inmate.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon 2002).  The
record does not show that appellant filed an affidavit or unsworn
declaration of inability to pay in the trial court.  Accordingly, the
trial court erred in dismissing appellant=s suit under Chapter 14.

Because the trial court erred in
dismissing appellant=s suit, the remedy is not to dismiss the appeal, as requested
by appellees.  Instead, the remedy is to reverse
the trial court=s judgment and remand to the trial court.  We will
construe appellees= motion as a motion to reverse and
remand.  We grant appellees= motion.

Accordingly, the judgment of the
trial court is reversed and the cause is remanded to the trial court for
further proceedings.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed October 19, 2006.

Panel
consists of Justices Anderson, Hudson, and Guzman.